**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
OVERSEAS FOOD TRADING, LTD.,        :
                                    :
               Plaintiff,           :
                                    :
     v.                             :          CIVIL ACTION NO. 06-800 (JAP)
                                    :
AGRO ACIETUNERA S.A. t/a NUCETE,    :
et al.,                             :          **OPINION**
               Defendants.          :
_____:

APPEARANCES:

George N. Styliades, Esq.
1060 Kings Highway North
Suite 308
Cherry Hill, NJ 08034-1934
          Attorney for Plaintiff

Stacy R. Linden, Esq.
Hogan & Hartson L.L.P.
8300 Greensboro Drive
Suite 1100
McLean, Virginia 22102

Alvin F. Lindsay, Esq.
Richard C. Lorenzo, Esq.
Hogan & Hartson L.L.P.
1111 Brickell Avenue
Suite 1900
Miami, Florida 33131
          Attorneys for Defendant
          Transnational Foods, Inc.

PISANO, District Judge.

Plaintiff, Overseas Food Trading, Ltd. ("Overseas"), brought the instant suit against Defendants, Agro Aceitunera ("Agro") and Transnational Foods ("Transnational") on or about February 22, 2006.  Plaintiff alleges that Defendants are liable for breach of contract, breach of the duty of good faith and fair dealing, and breach of express and implied warranties for the failure to deliver a quantity of extra virgin olive oil ("olive oil") to Plaintiff pursuant to a purported contract between the parties.  Defendant Transnational has moved to dismiss Plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(6).[1]  The Court heard oral argument on this motion on August 15, 2006.  For the following reasons, the Court grants Defendant's motion.[2]

## I.     Factual and Procedural History[3]

Plaintiff is engaged in the business of purchasing, importing, selling, distributing,

---

[1]  Defendant Agro has not joined in the instant motion.  Agro filed a motion to dismiss for lack of jurisdiction on August 1, 2006, which is returnable on September 11, 2006.

[2]  Jurisdiction is premised on 28 U.S.C. § 1332.  Plaintiff is a New Jersey corporation. Defendant Agro is a business organized under the laws of the Republic of Argentina.  Defendant Transnational is a Florida corporation.  Plaintiff alleges damages in excess of $75,000.00.

[3]  The instant factual history is based on the allegations in Plaintiff's complaint, which the Court accepts as true for the purposes of this motion.  The Court refuses to consider the allegations that Plaintiff makes for the first time in its brief in opposition to the instant motion and in the affidavits of David Bensadoun and Ann-Sophie Dehau, which were filed in conjunction with their opposition brief.  See Commw. of Pa. Ex. Rel Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 181 (3d Cir. 1988) (" '[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.' " (quotations omitted)); Marks v. Struble, 347 F. Supp. 2d 136, 148 (D.N.J. 2004) (refusing to consider allegations made for the first time in response to the defendants' motion to dismiss in resolving Rule 12(b)(6) motion); see also Parastino v. Conestoga Tel. & Tel. Co., No. Civ.A. 99-679, 1999 WL 636664, at *2 (E.D. Pa. Aug. 18, 1999) (refusing to consider new factual allegations made for the first time in response to a motion to dismiss because "new factual allegations made in the parties' legal memoranda may not be considered in resolution of a 12(b)(6) motion to dismiss.").

marketing and advertising food products in the United States, including olive oil.  Defendants

Agro and Transnational are involved in, among other things, importing olive oil into the United

States.   Plaintiff alleges that Transnational was an agent for Agro in the United States.  In its

capacity as agent, Transnational facilitated the negotiation and finalization of contracts on Agro's

behalf.

On July 20, 2005, Plaintiff contacted Agro and Transnational and represented that it was

willing to purchase 1,000 tons of olive oil.  Agro and Transnational responded to Plaintiff that

they were able to sell such olive oil to Plaintiff.  This representation was memorialized by

Proforma Invoice No. 10 05 ("Proforma Invoice"), which was attached to Plaintiff's complaint.

The Proforma Invoice was printed on Agro stationary and indicated that the quantity of olive oil,

namely, 1,000 tons, would be shipped from Argentina, where Agro was located.  The price was

listed at $3,450.00 per ton.  Agro was listed as the beneficiary of payment under the Proforma

Invoice.  Plaintiff claims that it accepted the terms and conditions of the Proforma Invoice on

July 21, 2005.

Plaintiff alleges that it never received the cargo of olive oil.  As a result, Plaintiff claims

that from September 2005 to January 2006, it took steps to acquire olive oil in the market place.

Plaintiff states that it was not able to purchase olive oil in the market place for the contract price

it agreed to under the Proforma Invoice and thus, was forced to pay a higher price for the product.

Further, Plaintiff claims that it performed all of its conditions and promises under the relevant

contract.

Thereafter, Plaintiff brought the instant lawsuit against Defendants Agro and

Transnational.  With respect to Transnational, Plaintiff claims that Transnational breached its

contract with Plaintiff for the sale of olive oil, namely, the Proforma Invoice, by failing to

provide the olive oil to Plaintiff.[4]  Plaintiff further claims that pursuant to Transnational's contract with Plaintiff, Transnational undertook a duty of good faith and fair dealing which it subsequently breached.  In addition, Plaintiff claims that Transnational breached certain express and implied warranties in its contract with Plaintiff.  Plaintiff also brings a count for specific performance in its complaint; however, Plaintiff only seeks specific performance from Agro, not Transnational.

Transnational filed the instant motion to dismiss pursuant to Rule 12(b)(6) on May 1, 2006.  In its motion, Transnational claims that it was not a party to any contract with Plaintiff and thus, all of Plaintiff's claims against it must be dismissed.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  In deciding a Rule 12(b)(6) motion to dismiss, the court must reasonably read the complaint and decide whether the plaintiff has pled a cognizable cause of action entitling her to relief.  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  In making this determination, a court accepts as true all of the well-pleaded factual allegations within the complaint and any reasonable inferences drawn therefrom.  Hayes v. Gross, 982 F.2d 104, 105-06 (3d Cir. 1992).  The court may also consider exhibits attached to the complaint, matters of public record, and documents that form a basis of plaintiff's claim.  Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004).[5]  However, the court need not consider plaintiff's

---

[4]  The Court takes no position in this opinion as to whether the Proforma Invoice is a valid and enforceable contract between Plaintiff and Agro.

[5]  Thus, the Court may properly consider the Proforma Invoice, which was attached to Plaintiff's complaint.

4

bald assertions or legal conclusions.  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906

(3d Cir. 1997).

## III.   <u>Legal Discussion</u>

## A.   **Motion to Dismiss**

All of Plaintiff's claims against Transnational depend upon the existence of a valid

contract between Plaintiff and Transnational.  <u>See, e.g.</u>, <u>Video Pipeline, Inc. v. Buena Vista</u>

<u>Home Entertainment, Inc.</u>, 210 F. Supp. 2d 552, 561 (D.N.J. 2002) (stating that an element of a

breach of contract claim under New Jersey law is the existence of a contract between the parties);

<u>Wade v. Kessler Institute</u>, 778 A.2d 580, 584 (N.J. Super. Ct. App. Div. 2001) (" 'In the absence

of a contract, there can be no breach of an implied covenant of good faith and fair dealing.' "

(quotations omitted)).[6]  Thus, the Court considers whether a valid contract exists between

Plaintiff and Transnational.

In order to establish the existence of a valid contract between Plaintiff and Transnational

under New Jersey law, Plaintiff must show mutual assent between the parties, consideration for

the promises made, legality of the object, capacity of the parties, and formulation of

memorialization.  <u>See, e.g.</u>, <u>Liebholz v. Harriri</u>, No. 05-5148, 2006 WL 2023186, at *11 (D.N.J.

July 12, 2006) ("A valid contract arises from mutual assent, usually by way of offer and

acceptance, supported by consideration."); <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors,</u>

<u>Inc.</u>, 421 F. Supp. 2d 831, 833 (D.N.J. 2006) ("In order for a valid contract to exist, Plaintiff

---

[6]  Plaintiff's breach of warranty claim is based on "certain express and implied warranties
to Overseas" that Agro and Transnational purportedly made "as part of the contract for the sale of
the cargo of filtered extra virgin olive oil."  Compl. at ¶ 41.  Thus, Plaintiff's breach of warranty
claim against Transnational is dependent on the existence of a valid contract between Plaintiff
and Transnational.

must show mutual assent, consideration, legality of the object of the contract, capacity of the parties and formulation of memorialization." (citing <u>Cohn v. Fisher</u>, 287 A.2d 222 (N.J. Super. Ct. Law. Div. 1972)).

Plaintiff fails to establish that Transnational was a party to a valid contract with Plaintiff. Transnational's name, address, or signature do not appear on the Proforma Invoice. Further, Transnational has no discernable duties or obligations under the Proforma Invoice. Thus, it is unclear what Transnational assented to. Also, there is no allegation that Transnational received any consideration from Plaintiff pursuant to the Proforma Invoice. In fact, Plaintiff appears to concede that Transnational is not a party to the contract at issue when it states in its complaint at paragraph 31 that, "[t]he contract required Agro to sell, and Overseas to purchase, 1,000 tons of filtered extra virgin olive oil, at $3,450 per ton." Compl. ¶ 31. This appears to be why Plaintiff seeks specific performance from Agro, but not from Transnational — Transnational did not agree to undertake any discernable performance pursuant to the Proforma Invoice.

Despite Plaintiff's bare conclusory statements that Transnational was a party to a contract with Plaintiff, Plaintiff's allegations against Transnational illustrate that Transnational was merely an agent of Agro who negotiated with Plaintiff on Agro's behalf. Plaintiff admits this in paragraph 13 of its complaint: "[a]t all times material hereto, Transnational acted as an agent and/or representative for Agro in the United States, facilitating the negotiation and the finalization of contracts . . . .". Plaintiff further states in its opposition brief that "Transnational was an active and constant participant in the negotiation and finalization of the contract" and that "Transnational moved towards specific performance and enforcement of the agreement." None of these allegations establish anything more than an agency relationship between Agro and Transnational.

6

An agent for a disclosed principal is generally not personally liable on a contract between the principal and a third party.  See Bel-Ray Co., Inc. v. Chemrite (PTY), Ltd., 181 F.3d 435, 445 (3d Cir. 1999); see also Restatement (Second) of Agency § 328 (2006) ("Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract."); 3 Am. Jur. 2d. Agency § 291 (2006) ("If a contract is made with a known agent acting within the scope of his or her authority for a known principal, the contract is that of the principal alone and the agent is not a party to the contract and cannot be held liable thereon . . . .").  The Court of Appeals for the Third Circuit recently made clear that:

> Generally, of course, an agent of a disclosed principal, even one who negotiates and signs a contract for her principal, does not become a party to the contract. . . . Moreover, under traditional agency principles, the only other way we understand that an agent can be bound by the terms of a contract is if she is made a party to the contract by her principal acting on her behalf with actual, implied, or apparent authority.

Bel-Ray, 181 F.3d at 445.  In this case, Plaintiff makes no allegation that Agro made Transnational a party to the purported contract between Agro and Plaintiff, or, as indicted above, that Transnational agreed to be a party to such contract.

Thus, the Court grants Defendant's motion to dismiss Plaintiff's breach of contract, breach of the implied duty of good faith and fair dealing, and breach of warranty claims against Transnational.

**B.    Request to Amend Complaint**

Plaintiff has specifically requested in its brief in opposition to Defendant's motion to dismiss that should the Court grant the motion, Plaintiff be permitted to amend its complaint. Plaintiff has not filed a motion to amend nor indicated the particular grounds on which an

amendment is sought.  This is not a proper motion to amend pursuant to Fed. R. Civ. P. 15(a).

See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citing Confederate Mem

Assoc. v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993) ("A bare request in an opposition to a

motion to dismiss  — without any indication of the particular grounds on which amendment is

sought — does not constitute a motion within the bounds of Rule 15(a).")); In re Cigna Corp.

Sec. Litig., No. Civ.A. 02-8088, 2006 WL 782431, at *5 (E.D. Pa. Mar. 24, 2006) (denying

plaintiff's request for leave to amend where plaintiff requested such in a footnote in a brief and

failed to provide any grounds or suggested proposed new claims).

 To the extent that Plaintiff's amendments would mirror the additional allegations that

Plaintiff included in its brief in opposition to the instant motion and in the supporting affidavits

of David Bensadoun and Anne-Sophie Dehau, which the Court refused to consider in

adjudicating the motion to dismiss, see supra footnote 3, such allegations do not provide a

sufficient basis to allow amendment of Plaintiff's complaint.

 Pursuant to Rule 15(a), leave to amend should be freely given unless it is apparent from

the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives;

(2) the amendment would be futile; or (3) the amendment would prejudice the other party.  See,

e.g., Fed. R. Civ. P. 15(a); Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).  "Futility"

means that the complaint, as amended, would fail to state a claim upon which relief can be

granted.  See, e.g., In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1434 (3d Cir.

1997).  The Court denies Plaintiff's request to amend its complaint against Transnational because

any such amendment would be futile.

 In Plaintiff's opposition brief and the supporting affidavits, Plaintiff sets forth various

communications between Plaintiff and Transnational in September 2005, subsequent to Agro's

issuance of the Proforma Invoice, which Plaintiff contends evidences the existence of a contract between Plaintiff and Transnational.  In particular, Plaintiff focuses on Transnational's use of the phrases "we can ship" and "we will right away" in its September 2005 communications with Plaintiff to show that Transnational was more than Agro's agent and instead was a party to the contract between Agro and Plaintiff.

        None of these communications establishes that Transnational was anything more than an agent of Agro during the course of the dealings between Agro and Plaintiff.  Plaintiff has still not alleged that Transnational explicitly agreed to a contract with Plaintiff, that Transnational had any duties or obligations with respect to Plaintiff (independent of Agro's purported duty to sell olive oil to Plaintiff) under any contract, or that there exists any consideration benefitting Transnational pursuant to such contract.

        In fact, both David Bensadoun, Vice President of Overseas, and Anne-Sophie Dehau, a Purchasing Manager for Overseas, stated in their respective affidavits that "Transnational always held itself out to Overseas as being Agro's agent and representative."  Plaintiff also makes this statement in its opposition brief.  Further, Plaintiff admits in its brief that "Transnational told Overseas that Agro was in the position to sell 1,000 tons of olive oil to Overseas (emphasis added)."

        Further section 328 of the Restatement (Second) of Agency, adopted by the Third Circuit in Bel Ray, 181 F.3d at 445, makes clear that language such as "we can ship" and "we will right away" is insufficient to find that an agent is a party to a contract between the principal and a third party.  Section 238 states that an agent is not a party to a contract between its principal and a third party even though the agent uses such expressions as "I will sell."  The following example is used in illustration 2 of section 328:

                                                    9

> A, who is known to T to be the sales agent for P, a manufacturer of butter, writes to T: "I will sell you 10 tons of dairy butter at 50¢ a pound." T accepts. In the absence of further facts there is a contract between T and P, and A is not a party to it.

Restatement (Second) of Agency § 328, cmt. a, illus. 2. The use of the phrase "I will sell" is similar to the use of the phrases "we can ship" or "we will right away" in that these phrases, according to Plaintiff, indicate that the agent is involved in the performance of the contract. However, as evidenced above, such is insufficient to make Transnational a party to the purported contract between Agro and Plaintiff.

Accordingly, for the foregoing reasons, Plaintiff's request for leave to amend is denied.

## IV.   **Conclusion**

In conclusion, the Court grants Defendant Transnational's motion to dismiss and finds that Plaintiff is not entitled to amend its complaint. An appropriate order accompanies this opinion.

DATED:        August 28, 2006

                                                                        /s/ JOEL A. PISANO_____
_____United States District Judge

Original:      Clerk
cc:             Judge Hughes
                 All Parties
                 File

10